On Rehearing.
A rehearing was granted in this case upon the application of the defendants. In granting it, we restricted the rehearing to the question solely as to the right of the defendants to reserve out of the revenues of the Somerset Estate, besides “ the necessary and proper expenses of the property ” allowed in the decree, also in addition thereto, the amounts mentioned in the will of the deceased, and claimed as allowed by the terms thereof, for the maintenance and support of the defendants and their mother, Mrs. Ellen M. Perkins. And notwithstanding the wide range that the discussion has taken, involving every material point of our previous decree, including those which were finally adjudicated upon, we shall confine ourselves in this opinion exclusively to that single question thus left open. Upon all other points that decree is, and was, a finality.
We have given this question a careful consideration, and made it the subject of a close and exhaustive review. In our previous opinion we announced as a fundamental principle relating to testamentary dispositions, that the will of the testator, as declared therein, was the law to the Court and to the parties. That when that will was ascertained, it was the duty and province of the Court to carry it out, if lawful, according to its true intent and meaning. Taking this rule for our guidance, after the maturest deliberation, we conceive that the logic ■of the conclusions heretofore readied by us, as declared in our previous opinion, and the propositions therein announced, force us to the further conclusion, that a strict and liberal adherence to the terms of that instrument, whieh we must follow, require that effect must be given also to the following explicit and mandatory declaration of the testator, which we quote:
“ All the moneyed legacies specified in my will are to be paid out of funds accruing from the rents and revenues of the Louisiana property, at such times and periods as it can be done without requiring property to be sold, and after taxes, past due, and debts are paid, and without *726 depriving my grandchildren of the funds they may require from the revenues for their necessary expenses and means of education.”
There is no mistaking, from this unequivocal language, that 'it was the purpose of the testator that the special legacies in question should be secondary, subordinate and contingent upon this imperative provision of the will, and the paramount and superior right and claim of the defendants under it. Their maintenance must first be provided for out of these revenues, before tho other benefactions could be demanded and become executory.
Nor is the amount of this provision left to inference, or to be supplied by proof aliunde, for the will again prescribes :
“ Prom the rents and revenues of the estate, it is my will, and I direct that my executors should pay over annually, for the support of my daughter-in-law, Mrs. Ellen M. Perkins, and the support and education of my said grandchildren, the sum of $6,000; and in case of the marriage of my said grandchildren, when one of them is married, she is to receive $3,000 a year, and the mother and her two daughters to receive $4,000 ayear; when another oneof tho daughters is married, she is to receive $3,000 a year, and the mother and her remaining daughter $4,000 ayear, and when the last daughter is married she is to receive $3000 a year, and her mother also to receive $3,000 a year.”
Prom this clause iu the will, we deduce that the allowance for each of the defendants was, before marriage, one thousand dollars, and after marriage, three thousand dollars ; and this view of the matter relieves it of any complication or uncertainty, as suggested by the plaintiffs' counsel, involving the expenses of their education, as it was the manifest intention of the testator that they should receive, whilst single, so much, and after marriage so much, and this regardless of any particular expense, as for education or the like, that might be incident to either state. We arrive at the amounts designed for them before marriage by the provision of $6,000 per annum to them and their mother, whilst they are all single, and that of $3,000 for their mother after they are all married.
Mrs. Ellen M. Perkins, the mother, is not a party to this suit, and is not before us claiming the provision in her favor, and is not affected by this decree, and we must, therefore, dismiss from consideration tlubequest to her, and separate the allowances of the mother and daughters, so as to estimate and deal alone with the latter. And we think this estimate, thus fixed, is sufficiently accurate to dispense with the necessity of remanding the case, suggested by counsel, to ascertain, by evidence, the proper expense for maintenance, designed by this clause of the will.
It may not be as large, under oxxr estimate, as was intended by the *727 testator, but it is as much as tlie will makes clear, and the difficulty of arriving at tlie exact amount arises from the provision in the same clause for the defendants and their mother, jointly. It must also be understood that the annuity allowed for each year must be charged against, and payable out of, the revenues of suclx year, exclusively.
' We think this disposition of the case carries out fully the true intentions of the testator, and at the same time enforces strictly the obligations assumed by the defendants in their acceptance of the'will, and the testamentary bequests therein, in exact accordance with the conditions and terms prescribed by the testator.
Nor do we anticipate all the difficulties, suggested by counsel, as resulting from this disposition of the matter, relating to contracts made with other parties by these defendants, and encumbrances placed on the property since their possession of the same. The restrictions and conditions imposed by the will are a part of the defendants’ title to the property, and all subsequent engagements made by them with other parties, must yield to these prior a„d imperative conditions, and can never antagonize the just claims of plaintiffs under the will, as special legatees, and their qualified rights on the property and its revenues devoted to their payment.
It is, therefore, ordered, adjudged and decreed, that our former decree be amended, and it is now ordered, adjudged and decreed, that the judgment of the District Court be further amended by decreeing that the special legacies in favor of the plaintiffs, together with the legal interest thereon, shall be paid, satisfied and acquitted out of the annual revenues arising from the Somerset Estate, commencing from the date of the actual taking possession of said estate by the defendants, after deducting from said revenues the necessary and proper expenses of said property, and the expenses for the support and maintenance of the defendants, at the rate of one thousand dollars for each of them, per annum, whilst unmarried, and three thousand dollars per annum each, from the date of their respective marriages, according to the terms and conditions of the will. The said annuities to be charged against, and deducted exclusively from the revenues, respectively, of the corresponding years. And as thus amended, the said judgment appealed from is affirmed, reserving to Mrs. Ellen M. Perkins any rights she may have under the will; the costs of the lower court to be paid by the defendants and appellants, and of this Court, by the plaintiffs and appellees.
Levy, J., absent.